
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES OF THE NEW YORK CITY  :
DISTRICT COUNCIL OF CARPENTERS  :
PENSION FUND, WELFARE FUND,  :
ANNUITY FUND, AND APPRENTICESHIP,  :  1:14-CV-1800-GHW
JOURNEYMAN RETRAINING,  :
EDUCATIONAL, AND INDUSTRY FUND;  :  MEMORANDUM OPINION
TRUSTEES OF THE NEW YORK CITY  :  AND ORDER
CARPENTERS RELIEF AND CHARITY FUND;  :
THE NEW YORK CITY AND VICINITY  :
CARPENTERS LABOR-MANAGEMENT  :
CORPORATION; and NEW YORK CITY  :
DISTRICT COUNCIL CARPENTERS,  :
                                      Plaintiffs,  :
             -v -  :
NAPOLITANA CONSTRUCTION, INC.,  :
                                      Defendant.  :
------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

      The Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational, and Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund; New York City and Vicinity Carpenters Labor-Management Corporation; (collectively, the "Funds") and New York City District Council Carpenters (the "Union") seek to confirm an arbitration award obtained against Napolitana Construction, Inc. ("Napolitana") pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. Although the complaint and the motion for summary judgment to confirm the award were properly served, Napolitana has neither opposed the motion nor otherwise appeared in this action. For the reasons that follow, the award is confirmed.

I.      BACKGROUND

Napolitana entered into a collective bargaining agreement with the Union[1] effective October 1, 2010.  *See* Declaration of Paul Capurso, Dkt. No. 16 ("Capurso Decl."), Ex. A (the "CBA").  The CBA required Napolitana to make contributions to various benefit funds, including the plaintiff Funds, for hours worked within the trade and geographical jurisdiction of the Union.  CBA at Article XV, Section 1.  The CBA further required Napolitana to provide the trustees for the benefit funds all books and records for auditing purposes.  *Id.*  The CBA provided for resolution of disputes between the Union and the employer by an impartial arbitrator, who would have "full and complete authority" to decide the dispute and fashion a remedy, including monetary damages.  CBA at Article XV, Section 7.  The CBA provided that the arbitrator's decision and award "shall be final and binding . . . and shall be enforceable in any court of competent jurisdiction."  *Id.*

Napolitana failed to allow the benefit funds' auditors to inspect the books and records for the period of October 1, 2010 through September 10, 2013.  Capurso Decl. ¶ 17.  Pursuant to the arbitration clause in the CBA, the dispute was submitted to Roger Maher, one of the designated impartial arbitrators.  *Id.* ¶ 18; CBA at Article XV, Section 7.  The arbitrator mailed a notice of the arbitration proceeding to all parties by regular and certified mail.  Capurso Decl., Ex. B.  Napolitana failed to appear at the proceeding, and the arbitrator issued an opinion and default award on January 15, 2014.  Capurso Decl., Ex. C (the "Award").  The arbitrator found that the uncontroverted testimony and evidence showed that Napolitana was bound by the CBA, that Napolitana violated the CBA by failing to produce its books and records for examination, and that Napolitana was liable for unpaid contributions.  Award at 2.  The arbitrator awarded the following sums: (1) $747,636.26 in unpaid contributions; (2) interest of $63,404.94; (3) liquidated damages of $149,527.25; (4) assessments to the promotion fund of $4,007.70; (5) court costs of $400; (6) attorneys' fees of

---

[1] The Union was formerly known as the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, Compl. ¶ 1, and therefore the CBA refers to that entity.

$1,500; and (7) an arbitrator's fee of $500. *Id.* at 3. The award thus totaled $966,976.15, and the arbitrator awarded interest on that amount at a rate of 5.25 percent from the date of the Award. *Id.*

On March 14, 2014, plaintiffs filed a complaint to confirm the arbitration award, asserting that Napolitana has failed to pay the award. Compl. ¶ 17. When defendants failed to respond to the complaint or otherwise appear in this action, the plaintiffs sought to proceed via default judgment. Dkt. Nos. 7-8. The Second Circuit has held, however, that default judgments in arbitration confirmation proceedings are "generally inappropriate." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). In light of this authority, the plaintiffs sought to confirm the arbitration award by moving for summary judgment – a motion that has not been opposed by Napolitana despite proper service upon it. *See* Dkt. No. 20.

## II. DISCUSSION

"[J]udicial review of an arbitration award is narrowly limited," *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 120 (2d Cir. 1991), and a reviewing court is required to grant a petition to confirm an arbitration award "unless the award is vacated modified, or corrected as prescribed in [9 U.S.C. §§ 10 and 11]." 9 U.S.C. § 9; *see also D.H. Blair*, 462 F.3d at 110 ("Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court . . . ." (internal quotation marks omitted)). Under 9 U.S.C. § 10, an award may be vacated only under one of the following four circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).  In addition to the grounds for vacatur specified in § 10(a), there is a fifth, "judicially-created ground, namely that an arbitral decision may be vacated when an arbitrator has exhibited a manifest disregard of law." *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 121 (2d Cir. 2011) (internal quotation marks omitted).  Courts may modify an award under the following three circumstances:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.

When a petition to confirm an arbitration award is unopposed, courts should generally treat "the petition and accompanying record . . . as akin to a motion for summary judgment," *D.H. Blair*, 462 F.3d at 109, which is what plaintiffs here have actually filed.  The party seeking to confirm an award should submit a record including the "agreement to arbitrate and the arbitration award decision itself." *Id.*  If the non-movant fails to respond, "its failure to contest issues not resolved by the record will weigh against it." *Id.*  In such situations, the Second Circuit has directed courts to examine the unopposed motion "to determine if [the movant] has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 109-110.

Here, there is no indication in the record that any of above grounds for vacating the arbitration award exist, and there is no basis for modifying or correcting the award.  Rather, the undisputed facts demonstrate that the award is based on evidence that Napolitana violated the CBA.  Accordingly, plaintiffs' motion is granted and the award is confirmed.  The Court also grants plaintiffs' request for attorneys' fees and costs in bringing this action to confirm the award, with the exception of the $400 sought for court filing fees because that fee was already included in the

Award. *See* Award at 3 (awarding court costs of $400). On the same day that this order is entered, the Clerk of Court is directed to enter judgment in favor of plaintiffs and against Napolitana in the amount of $996,795.54: (1) $966,976.15, the amount of the Award; (2) interest on the Award calculated at 5.25 percent from January 15, 2014 through July 17, 2014, or $25,452.67; and (3) $4,366.72 in attorneys' fees and costs.

### III.    CONCLUSION

The Clerk of Court is directed to enter judgment for plaintiffs in accordance with this order and to close the case.

SO ORDERED.

Dated: July 17, 2014  
New York, New York

GREGORY H. WOODS  
United States District Judge